**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3661
_____

MATTHEW JONES, Appellant

v.

ALICIA HOWARD, Commissioner; VALERIE FARNAN, Deputy Attorney General
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civil Action No. 1-18-cv-01207)
District Judge:  Honorable Richard G. Andrews

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 3, 2019
Before:  CHAGARES, BIBAS and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 8, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Matthew Jones, proceeding pro se, appeals an order of the United States District Court for the District of Delaware dismissing his complaint. For the reasons that follow, we will affirm the judgment of the District Court.

Jones filed a complaint against Delaware Superior Court Commissioner Alicia Howard and Deputy Attorney General Valerie Farnan. Although the complaint is unclear, it appears to arise out of involuntary commitment proceedings. Jones alleges that he was deprived of his right to trial in the Sussex County Superior Court. He avers that parts of a trial were held in his absence, that he was often unable to speak and present evidence, and that he was not permitted to use his own psychiatrist. Jones also alleges that he is forced to take medication and that he was misdiagnosed with schizophrenia. He claims violations of his constitutional and statutory rights and seeks two billion dollars in damages.

The District Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). It ruled that Commissioner Howard has judicial immunity from suit and that Deputy Attorney General Valerie Farnan has prosecutorial immunity. The District Court also held that the complaint fails to state a claim for relief. It explained that Jones lacks standing to the extent he seeks to impose criminal liability pursuant to federal statutes, and that the Mental Health Bill of Rights, 42 U.S.C. § 9501, cited in his complaint does not create a private cause of action. The District Court also stated that Jones' allegations

2

are conclusory and somewhat delusional and that the complaint does not state a facially plausible claim.

The District Court dismissed the complaint as frivolous and based on the defendants' immunity and, in the alternative, granted the defendants' motion to dismiss, which had sought dismissal on similar grounds. The District Court ruled that amendment of the complaint would be futile. It also denied Jones' motion for recusal, which was based on the District Judge's handling of other cases that Jones had brought. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review of the District Court's dismissal of the complaint is plenary. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). We review the denial of Jones' recusal motion for abuse of discretion. Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 166 (3d Cir. 2004).

Jones lists in his brief case names and statutes that he states are against sovereign immunity. The defendants asserted in their motion to dismiss that the Eleventh Amendment bars the complaint to the extent Jones' claims are official capacity claims, but Jones' list does not raise a question as to the District Court's alternative ruling granting the motion. He has not shown that the cases or statutes have any application here. To the extent Jones contends that the United States is subject to liability under the Federal Tort Claims Act, the United States is not a defendant in his action. To the extent

3

he contends in his supplemental brief that employees may be liable under an exception to immunity in Delaware's Tort Claims Act, the District Court did not find the defendants immune under this Act.

Finally, Jones challenges the District Judge's denial of his recusal motion on the ground that another judge should have addressed his allegations. However, a judge whose impartiality is being questioned rules on a recusal motion under 28 U.S.C. § 455. In re Kensington Int'l Ltd. & Springfield Assoc., LLC, 353 F.3d 211, 223 n.12 (3d Cir. 2003). Jones has shown no error in this regard.

Accordingly, we will affirm the judgment of the District Court.